(No. 76-CV-0325-)

*In re* APPLICATION OF BILLY, DEREK and
WILLIAM WRIGHT.

*Order filed March 16, 1982.*

DE FREES & FISKE (TIMOTHY J. RIORDAN, of counsel),
for Claimants.

TYRONE C. FAHNER, Attorney General (ALAN R. BOU-
DREAU, Assistant Attorney General, of counsel), for Respon-
dent.

POCH, J.

This claim arises out of a criminal offense which
occurred on or about the 26th day of October 1974. Claim-
ant seeks compensation pursuant to the applicable provi-

sions of the Crime Victims Compensation Act, hereinafter referred to as the Act. Ill. Rev. Stat., ch. 70, par. 71 *et seq.*

The claim was filed on or about the 1st day of October 1975. Thereafter, following our investigatory report submitted by the Attorney General of the State of Illinois and the other documentary evidence, the Court directed that a full hearing be conducted to determine the facts.

The hearing commenced on July 2, 1980, and concluding on December 23, 1980, was conducted by Commissioner Leo J. Spivack at Chicago, Illinois. As a result of said hearing the following facts were established by a preponderance of the evidence:

(1) Claimant's wife, Doris Wright, disappeared on October 26, 1974, and was found murdered on March 17, 1975.

(2) At the time of her death, decedent left surviving her estranged husband, Billy Wright, a minor son, William, and a son, Derek, who had just become eighteen. All of the parties were residing in the same household; the sons were both full time students.

(3) Decedent was employed at the time of her disappearance and had been so employed for more than six months last past; Claimant Billy Wright was also employed; both incomes were pooled to support the household.

(4) It was stipulated that each of the Claimants was dependent upon the deceased, Doris Wright, for some measure of support and that in the event of an award the maximum statutory amount would be properly distributable.

(5) Prior to the disappearance of the Claimant, Billy Wright, he and decedent, Doris Wright, had separated.

Decedent Doris Wright had instituted divorce proceedings charging physical cruelty, and there was an injunction issued against Billy Wright. It is conceded, however, that just before the disappearance, the parties had reconciled and were living together.

(6) The testimony of the witnesses is in substantial conflict with reference to Claimant Billy Wright's cooperation with authorities following the disappearance; he alleges that he reported the disappearance, provided photographs and address book, etc. This is disputed by Officer Stube who claims the disappearance was reported by a cousin, that the photo and address book were supplied by the victim's mother, etc.

(7) There is, however, no dispute as to Billy Wright's actions following discovery of the body. He refused to answer any questions put to him by police and three months later refused to testify at the coroner's inquest.

(8) The Claimants William and Derek Wright were fully cooperative with the authorities at all times.

Whether or not Claimant Billy Wright sufficiently cooperated with the authorities following his wife's disappearance becomes moot in view of his total lack of cooperation following the discovery of her body. The Crime Victims Act does not excuse a failure to cooperate on the grounds that the Claimant might be or considers himself to be suspect and thus refuses to cooperate on fifth amendment grounds. In unambiguous terms it requires full cooperation of anyone who seeks its benefit.

No case is known to us where the failure by one claimant to cooperate is imputable to another cooperative claimant, nor do we think that the Act would impliedly demand such a result. There is no question about the entitlement of Claimants William and Derek Wright

absent the cooperation issue. Both their dependency and the dollar amount thereof were not only testified to but also stipulated by the Attorney General.

Based upon the foregoing the claim of Billy Wright, husband of the deceased victim, Doris Wright, is denied.

It is further ordered that the sum of $10,000.00 (ten thousand dollars) be and is hereby awarded to William and Derek Wright, children of the deceased victim, Doris Wright, to be disbursed as follows:

| | |
|---|---|
| William Wright | $5,000.00 |
| Derek Wright | $5,000.00 |
| | $10,000.00 |